```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
WENDELL KEANE,                              |
                                            |
                    Petitioner,             |           NOT FOR PUBLICATION
                                            |           MEMORANDUM & ORDER
           -against-                        |
                                            |           04 CV 2070 (CBA)
NYS DIVISION OF PAROLE,                     |
BRION TRAVIS, Comm.,                        |
                                            |
                    Respondent.             |
------------------------------------------------------X
Amon, UNITED STATES DISTRICT JUDGE
```

Pro Se petitioner Wendell Keane ("Keane") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 on the grounds that the prosecution failed to prove Keane's guilt beyond a reasonable doubt. For the reasons set forth herein, the petition is denied.

## BACKGROUND

**I. The Evidence at Trial**

    A. The People's Case

The evidence at trial established that on March 15, 2000, Undercover Office 2871 ("UC 2871") set out on a buy-and-bust operation with his ghost, Undercover Officer 3262 ("UC 3262"), carrying a point-to-point radio, a Kel transmitter and $50 prerecorded money. UC 2871 approached two men, Alan Mohammed and Justin Spruel, near a bus stop at Lafayette Avenue and Franklin Avenue in Brooklyn, and asked them where he could buy some "dimes," or ten-dollar bags of crack-cocaine. He was directed across the street, where he saw Alan Mohammed and Keane, whom he described as a black male between 40 and 45 years old. He asked the men if they had "dimes," in response to which Keane asked him how many he wanted. UC 2871 told Keane that he wanted one and gave Keane two $5.00 bills of prerecorded money. UC 2871

testified that Keane then told him to wait and went inside 311 Franklin Avenue. UC 2871 was standing close enough to Keane during this conversation to enable the field team to hear it transmitted over his Kel. However, although Kel conversations can be recorded, this one was not.

UC 2871 testified that Mohammed warned him that he had better not be a cop. Keane then returned and gave him a Ziploc bag with a Superman symbol on it, which was later determined to contain cocaine. Although Keane was not wearing gloves, the bag was never submitted for fingerprint analysis. UC 2871 testified that he subsequently walked away and gave UC 3262 a "positive buy" sign, which UC 3262 observed. UC 2871 then returned to his car and radioed descriptions of the four men, who were subsequently arrested. When Keane was searched, he was found to be in possession of the two prerecorded five dollar bills that UC 2871 had used to pay for the drugs. Both UC 2871 and UC 3262 identified Keane. UC 2871 acknowledged that he saw the sellers for a total of less than 30 to 45 seconds. UC 3262, who observed the transaction from a distance but did not hear the conversations, testified that he had approximately two minutes to observe Keane.

B. The Defense's Case

At trial, Keane testified that he did not sell drugs but was arrested in error. He testified that, on the day of the incident, he was outside with two men, one who worked for him and one who was fixing a radio for him. Keane testified that, on several occasions that day, he had gone to a store on his block in order to get change for his business. He testified that he purchased a beer for the man fixing his radio with a $20 bill and received change which included the pre-recorded buy money. He then came out of the store and noticed the police arresting Alan and Mike Mohammed. Keane testified that he was then approached by the police and subsequently

2

arrested. He maintained that he was not involved with the drug transaction and that he was in possession of the prerecorded money because it was given to him as change. On February 27, 2001, Keane was convicted after a jury trial of one count of criminal sale of a controlled substance in the third degree, for which he was sentenced to a prison term of two and one half to seven and one half years.

## II. Subsequent Procedural History

Keane appealed his conviction to the Appellate Division, Second Department, raising the same claims of insufficiency of the evidence that he raises in the present habeas corpus petition. The Appellate Division affirmed his conviction by decision dated April 14, 2003, People v. Keane, 304 A.D.2d 673 (App. Div. 2003), concluding that Keane failed to preserve his claim of insufficiency of the evidence for appellate review, but that in any event, the evidence adduced at trial was legally sufficient to establish his guilt beyond a reasonable doubt. Keane's subsequent appeal to the New York Court of Appeals was denied on April 14, 2003. People v. Keane, 100 N.Y. 2d 563 (N.Y. 2003).

## DISCUSSION

## I. Standard of Review

When a petitioner's claims are adjudicated on the merits in state court, on habeas review this Court's task is limited by 28 U.S.C § 2254 (d) as follows:

> An applicant for a writ of habeas corpus on behalf of the person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceeding unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

3

determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to ... clearly established Federal law" where the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law . . ." or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." Williams v. Taylor, 529 U.S. 362, 405 (2002). The Second Circuit has recently interpreted Section 2254(d)(1) in light of Supreme Court precedent and held that "to permit habeas relief under the 'unreasonable application' phrase, a state court decision must not only be erroneous but also unreasonable. Some increment of incorrectness beyond error is required. We caution, however, that the increment need not be great; otherwise, habeas relief would be limited to state court decisions 'so far off the mark as to suggest judicial incompetence.'" Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)(citations omitted).

Furthermore, the factual findings of the state court are presumed to be correct. See 28 U.S.C. § 2254(e)(1) ( "[A] determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction . . . evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct.")

**II. Sufficiency of the Evidence**

Keane contends that the evidence was insufficient to support the verdict of criminal sale of a controlled substance in the third degree.[1] In particular, Keane argues that there was a lack of

---

[1] Keane's petition attaches his brief filed before the state court on appeal, which also argues that the verdict was against the weight of the evidence. This, however, is a pure State law claim grounded in New York Criminal Procedure law § 470.15(5) rather than in federal principles of due process, and is not a cognizable basis for habeas corpus relief. Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001).

4

detailed detective work because (1) conversations between UC 2871 and Keane were not recorded despite the Kel's recording capability; (2) the Ziploc bag and buy money were not dusted for fingerprints; and (3) only half of the buy money was vouchered. In addition, Keane also points out that UC 2871 described the seller as between 40 and 45 years old, whereas he was 55 years old at the time of the crime, and that UC 2871 also failed to note any accent on the part of the seller, while his St. Vincent accent was discernable at trial. According to Keane, UC 3262 is not reliable as a source of corroboration because he did not hear any of the conversations between UC 2871 and Keane. In the same vein, Keane points out that there were inconsistencies in the testimony of one of the detectives on the case, Detective Carlson, who <u>inter alia</u> wrongly indicated in a report that the drug sale had occurred at 446A Lafayette Avenue, which diverged from his trial testimony that it had occurred at 311 Franklin avenue. Finally, Keane calls attention to the fact that he did not have any drugs on him when he was apprehended. As for his possession of the prerecorded money, Keane maintains that he went to the store on his block a number of times that day to get change for his business.

Where the judgment of a state court "rests on a state law ground that is independent of the federal question and adequate to support the judgment," <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991), a court reviewing a habeas corpus petition may not reach the federal claim unless the petitioner shows cause for his default and prejudice as a result of the alleged violation. <u>DeBerry v. Portuondo</u>, 403 F.3d 57, 64 (2d Cir. 2005). In this case, the Appellate Division found that Keane's claims were unpreserved for appellate review. Although the court nevertheless considered the merits and found that his claims were without merit, reconsideration

of his insufficiency claim by this Court is barred because the state court explicitly invoked a state procedural bar rule as a separate basis for decision. Harris v. Reed, 489 U.S. 255 (1989); Glenn v. Bartlett, 98 F.3d 721, 724-25 (2d Cir. 1996) (federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim") (citing Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990). Nor has plaintiff shown cause or prejudice from this failure or a fundamental miscarriage of justice. Consequently, habeas review of Keane's claims is foreclosed and his petition should be denied.

In any event, the district court's decision that Keane's insufficiency claim was without merit was not an unreasonable application of clearly established Federal law or an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 29 U.S.C. § 2254(d). In the context of a claim based on insufficiency of the evidence, a district court may only grant a habeas petition where the state court unreasonably applied the standard governing review of insufficiency claims set forth in Jackson v. Virginia, which identifies the relevant issue as whether, "[a]fter viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," 443 U.S. 307, 319 (1979) (emphasis in original). See Rodlan v. Artuz, 78 F. Supp. 2d 260, 270 (S.D.N.Y. 2000) (stating that in view of the AEDPA, "a writ of habeas corpus may be issued for evidence insufficiency only if the state courts have unreasonably applied the Jackson standard") (internal citations omitted); Fernandez v. Dufrain, 11 F. Supp. 2d 407, 418 (S.D.N.Y. 1998) (same). Thus, a habeas petitioner challenging the sufficiency of the evidence faces a "very heavy burden." Fama v. Comm'r of Corr. Servs, 235

F.3d 804, 811 (2d Cir. 2000); Knapp v. Leonardo, 46 F. 3d 170, 178 (2d Cir. 1995), cert. denied, 515 U.S. 1136 (1995).

Viewing the evidence in the light most favorable to the prosecution, this Court concludes that Keane has failed to meet this heavy burden. When searched, Keane was found to be in possession of the two five dollar bills used to purchase the cocaine. He was identified by UC 2871 and by UC 3262. Although it is true that UC 2871 only observed the seller for approximately 45 seconds and UC 3262 for a few minutes, this was sufficient contact to be able to identify him properly. UC 2871 testified that he had taken particular care to observe the appearance of the men with whom he interacted that day so that he could give an accurate description to his backup officers. He explained that after the transaction, he observed the arrests of Alan and Mike Mohammed and then circled the block to find the seller. When he found the seller, he radioed the field team Keane's location, repeated his description of Keane, and observed as Keane was taken into custody. As he watched, he confirmed to the field team that Keane was the person who had sold him the cocaine.

In light of the evidence presented at trial, the state court was not unreasonable in finding that, upon viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Indeed, the evidence was more than sufficient.

## CONCLUSION

For the foregoing reasons, Keane's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. Further, a certificate of appealability will not be issued because Keane has not made a substantial showing of the denial of a constitutional right. See 38 U.S.C. § 2253 (c) (2). The clerk of the court is directed to enter Judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
July 5, 2005

Carol Bagley Amon
United States District Judge